UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STANLEY A. GEIST,

                       **Plaintiff,**                  07-CV-0065A(Sr)

v.

**HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,**

                       **Defendant.**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #9.

Currently before the Court is plaintiff's motion to recover attorneys' fees and costs from defendant pursuant to 29 U.S.C. § 1132(g)(1).  Dkt. #48.  For the following reasons, it is recommended that the motion be granted.

## BACKGROUND

Plaintiff, Stanley A. Geist, commenced this action in New York State Supreme Court, Erie County on or about December 29, 2006 against defendant, Hartford Life and Accident Insurance Company ("Hartford").  Dkt. #1-3.  Thereafter, Hartford removed this action to the United States District Court, Western District of New York on the basis of federal question jurisdiction because plaintiff's claims were brought

pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). Dkt. #1. Plaintiff alleges that on or about October 1, 2005, defendant ceased payments under the group, long term disability insurance policy issued by Hartford to plaintiff's former employer. Dkt. #1-3. Plaintiff sought: (1) payment of unpaid long term disability benefits under the policy for the period October 1, 2005 through December 31, 2006; (2) payment of future long term disability benefits under the policy for the period January 1, 2007 through September 8, 2009; and (3) payment of his attorney's fees and costs related to this action. Dkt. #1-3.

By Order entered November 5, 2009, the Hon. Richard J. Arcara adopted this Court's recommendation that defendant's motion for summary judgment be denied as premature and plaintiff's motion to expand the administrative record be granted and the matter be remanded for further administrative review. Dkt. #47. In reaching this recommendation, this Court determined that:

> Hartford's solicitation of additional information from Dr. Zielinski, **unbeknownst to plaintiff**, and Hartford's reliance on that additional information supplied by Dr. Zielinski to deny plaintiff's disability benefits, coupled with Hartford's refusal to consider Dr. Zielinski's November 14, 2005 report resulted in an incomplete administrative record. Thus, plaintiff was denied a full and fair review of the decision to deny his disability benefits.

Dkt. #42, p.12.

## DISCUSSION AND ANALYSIS

In support of plaintiff's motion to recover attorneys' fees and costs from defendant pursuant to 29 U.S.C. § 1132(g)(1), plaintiff argues that he "has prevailed on a critical issue and he has expended significant fees just to get back to square one, *i.e.*,

the opportunity to have a full and fair appellate review of his appeal of Hartford's discontinuation of his disability benefits for which he was both eligible for and entitled to." Dkt. #48, ¶ 15. Plaintiff further argues that "Hartford's conduct in this regard was both culpable and in bad faith and it has delayed Plaintiff's ability to secure the long-term disability benefits due him by at least three years." Dkt. #48, ¶ 17. Plaintiff asserts that "Hartford is in a better financial position to absorb the cost of the litigation, particularly since the litigation was necessary, in part, as a result of Hartford's failure to provide Plaintiff with a full and fair review of his appeal." Dkt. #48, ¶ 18. Plaintiff notes that an award of attorneys' fees will deter "Hartford and other insurance companies from engaging in imprudent actions during the review of their insured's claim for benefits." Dkt. #48, ¶ 19.

Defendant argues that an award of attorneys' fees is unwarranted because it's decision was not made in bad faith and would have no deterrent effect. Dkt. #53, p.4. Defendant also argues that neither party has won or lost anything, as plaintiff has only received an order directing further administrative review. Dkt. #53, p.4. Finally, defendant argues that the parties agree that this litigation did not confer any common benefit on a group of plan participants. Dkt. #53, p.4.

Appropriateness of Attorneys' Fees Award

"[A] fee claimant need not be a 'prevailing party' to be eligible for an attorney's fees award under § 1132(g)(1)." *Hardt v. Reliance Standard Life Ins. Co.*, __ U.S. __, 130 S.Ct. 2149, 2156 (2010). 29 U.S.C. § 1132(g)(1) provides that

> In any action under this subchapter . . . by a participant,
> beneficiary, or fiduciary, the court in its discretion may allow
> a reasonable attorney's fee and costs of action to either
> party.

In exercising its discretion, the Court should be guided by the following factors: (1) the degree of the offending party's culpability or bad faith; (2) the ability of the offending party to satisfy an award of attorney's fees; (3) whether an award of fees would deter other persons from acting similarly under like circumstances; (4) the relative merits of the parties' positions; and (5) whether the action conferred a common benefit on a group of pension plan participants. *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987). A party need not prevail on every factor in order for an award of attorney's fees to be granted. *Kllimbach v. Spheion Corp.*, 467 F. Supp.2d 323, 329 (W.D.N.Y. 2006).

An award of fees is warranted in this case. Regardless of the ultimate determination as to the continuation of plaintiff's benefits, Hartford is culpable in soliciting information from plaintiff's doctor without plaintiff's knowledge and then refusing to consider that doctor's supplemental report. Hartford is more than capable of bearing the cost of plaintiff's attorney's fees and such an award may encourage Hartford, and other disability insurers, to be more transparent in their solicitation of medical opinions and to emphasize comprehensive decision making over expediency.

Amount of Attorneys' Fees Award

Plaintiff's counsel avers that Andrew Fleming spent 1.5 hours on this matter at a billed hourly rate of $185; counsel Christen Archer Pierrot spent 68.91 hours

on this matter at a billed hourly rate of $135; and a paralegal spent 1 hour on this matter at a billed hourly rate of $65. Dkt. #48, ¶ 24. Plaintiff's counsel charged plaintiff a reduced hourly rate in recognition of the hardship faced by plaintiff in having to retain legal services at the same time his disability benefits had been eliminated and asks the Court to award attorney's fees based upon a lodestar calculation at the prevailing market rate. Dkt. #48, ¶¶ 22 & 25. Counsel avers that Mr. Fleming "has been practicing law for nearly 24 years and has significant experience in handling labor and employment matters, including ERISA litigation" and that Ms. Pierrot has been practicing for six years and devotes the majority of her practice to ERISA litigation. Dkt. #48, ¶¶ 26-27. Given their expertise, plaintiff suggests a rate of $250 per hour for Mr. Fleming and $180 per hour for Ms. Pierrot, for a total award of $12,995.97, including $152.17 in costs. Dkt. #48, ¶ 31.

Defendant argues that the fee charged by counsel is the best evidence of the reasonable hourly rate for this matter. Dkt. #53, p.5.

In determining the appropriate amount of attorney's fees to be awarded, the Court of Appeals for the Second Circuit has abandoned use of the term "lodestar" and instructed the district court

> in exercising its considerable discretion, to bear in mind *all* of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate. The reasonable hourly rate is the rate a paying client would be willing to pay. In determining what rate a paying client would be willing to

pay, the district court should consider, among others, the
Johnson factors;[1] it should also bear in mind that a
reasonable, paying client wishes to spend the minimum
necessary to litigate the case effectively. The district court
should also consider that such an individual might be able to
negotiate with his or her attorneys, using their desire to
obtain the reputational benefits that might accrue from being
associated with the case. The district court should then use
that reasonable hourly rate to calculate what can properly be
termed the "presumptively reasonable fee."

*Arbor Hill Concerned Citizens Neighborhood Assn. v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). The Court of Appeals notes that "[t]he reasonableness of a fee award does not depend on whether the attorney works at a private law firm or a public interest organization, nor is the award necessarily limited because the attorney has agreed to undertake the case for a reduced fee compared to the customary market rate." *Id.* at p.184, n.2, *citing Blum v. Stenson*, 465 U.S. 886, 894 (1984), and *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 233 (2d Cir. 2006).

Based upon its understanding of local billing rates, both generally and with respect to ERISA litigation, and its familiarity with the Chiacchia & Fleming, LLP's experience in this practice area, as well as the general quality of their work product, the Court agrees that $250 is a reasonable hourly rate for Mr. Fleming; $180 is a reasonable hourly rate for Ms. Pierrot; and $65 is a reasonable hourly rate for a

---

[1] The twelve Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Arbor Hill*, 522 F.3d at 186, n.3, *citing Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 499 U.S. 87, 92-93 (1989).

paralegal.  *See Klimbach v. Spherion Corp*., 467 F. Supp.2d 323, 331-32 (W.D.N.Y. 2006) ($250 hourly rate for partners; $180 hourly rate for associates; and $100 hourly rate for paralegals reasonable in ERISA case).  Moreover, the Court is satisfied that the number of hours expended by each of these individuals was appropriate.  As a result, the Court recommends a total award of $12,995.97, including $152.17 in costs, as a reasonable award of attorneys' fees to plaintiff.

## CONCLUSION

For the foregoing reasons, it is recommended that plaintiff's motion to recover attorneys' fees and costs from defendant pursuant to 29 U.S.C. § 1132(g)(1), be granted and that plaintiff be awarded  $12,995.97, including $152.17 in costs, as a reasonable award of attorneys' fees.  Dkt. #48.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

SO ORDERED.

DATED: Buffalo, New York
November 29, 2010

    s/ H. Kenneth Schroeder, Jr.
H. KENNETH SCHROEDER, JR.
United States Magistrate Judge